IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JIMMY TOBIAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. FEDERAL HOUSING** | ) |
| **FINANCE AGENCY,** | ) |
| Office of General Counsel | ) |
| Constitution Center | ) |
| 400 7th Street, SW | ) |
| Washington, DC 20219 | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

1.      Plaintiff JIMMY TOBIAS brings this suit to force Defendant U.S. FEDERAL HOUSING FINANCE AGENCY to conduct a reasonable search, issue a determination, and produce emails, text messages, and other electronic communications exchanged by FHFA Director Bill Pulte, who has been publicly accused by members of the House Committee on Oversight and Government Reform of using his authority to target political enemies.

### PARTIES

2.      Plaintiff JIMMY TOBIAS is an independent reporter who has written for *The Guardian* and *The Nation*, among other media outlets, and is the FOIA requester in this case.

3.      Defendant U.S. FEDERAL HOUSING FINANCE AGENCY is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

### JURISDICTION AND VENUE

4.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**AUGUST 26, 2025 FOIA REQUEST TO FHFA—PULTE CAPITAL REQUEST**

6. On August 26, 2025, Plaintiff submitted a FOIA request to FHFA seeking the following records produced since March 1, 2025:

> All electronic communication, including emails, text messages, direct messages, Signal messages, Microsoft Teams chats, etc, between Bill Pulte and any employee, staffer, agent, lobbyist or representative of Pulte Capital, the investment firm.

7. A true and correct copy of the FOIA request is included in Exhibit 1.

8. On August 28, 2025, FHFA acknowledged receipt of the FOIA request and assigned reference number 2025-FOIA-123 to the matter.

9. A true and correct copy of the acknowledgement letter is attached as Exhibit 2.

10. On September 12, 2025, FHFA asked Plaintiff to provide domain names for the records search. *Id*.

11. On September 26, 2025, Plaintiff instructed FHFA to use search terms "Pulte Capital", "pultecapital", "pultecapital.com" and/or "@pultecapital.com". *Id*.

12. On October 9, 2025, Plaintiff asked FHFA for an estimated date of completion as well as how many pages it located in response to the search for records. *Id*.

13. On October 9, 2025, FHFA stated that it was "experiencing a backlog in responding to FOIA requests" and was "currently conducting a search," estimating that is would provide a response "by early November." *Id*.

14. On November 10, 2025, FHFA stated that it was "currently reviewing documents that are potentially responsive to [the] request" and hoped to provide a response "shortly." *Id*.

15. On November 18, 2025, Plaintiff sent a follow-up message to FHFA seeking an estimated date of completion, asking whether the search for records was completed and how many

pages of responsive records were located, and inquiring about the steps that FHFA plans to take within the next six months to process the request. *Id*.

16. FHFA did not send any further correspondence to Plaintiff regarding this request.

17. As of the date of this filing, FHFA has not issued a determination on Plaintiff's request.

18. As of the date of this filing, FHFA has failed to make any responsive records promptly available to Plaintiff.

### AUGUST 26, 2025 FOIA REQUEST TO FHFA—COOK REQUEST

19. On August 26, 2025, Plaintiff submitted a FOIA request to FHFA seeking the following records produced since March 1, 2025:

> All electronic communication, including emails, text messages, direct messages, Signal messages, Microsoft Teams chats, etc., sent or received by Bill Pulte that contain one or more of the following key words: "Cook", in reference to Federal Reserve governor Lisa Cook; "Schiff," in reference to Senator Adam Schiff; and/or "James", in reference to New York Attorney General Letitia James.

20. A true and correct copy of the FOIA request is included in Exhibit 3.

21. On August 28, 2025, FHFA acknowledged receipt of the FOIA request and assigned reference number 2025-FOIA-121 to the matter. Ex. 2.

22. On September 26, 2025, FHFA stated that the request was 94th in the processing queue. Ex. 3.

23. On October 9, 2025, Plaintiff asked FHFA for an estimated date of completion as well as how many pages it located in response to the search for records. *Id*.

24. On October 9, 2025, FHFA stated that it was "experiencing a backlog in responding to FOIA requests" and was "currently conducting a search," estimating that is would provide a response "by early November." *Id*.

25. On November 10, 2025, FHFA stated that it was "currently reviewing documents that are potentially responsive to [the] request" and hoped to provide a response "shortly." *Id.*

26. On November 18, 2025, Plaintiff sent a follow-up message to FHFA seeking an estimated date of completion, asking whether the search for records was completed and how many pages of responsive records were located, and inquiring about the steps that FHFA plans to take within the next six months to process the request. *Id.*

27. FHFA did not send any further correspondence to Plaintiff regarding this request.

28. As of the date of this filing, FHFA has not issued a determination on Plaintiff's request.

29. As of the date of this filing, FHFA has failed to make any responsive records promptly available to Plaintiff.

**AUGUST 26, 2025 FOIA REQUEST TO FHFA—PULTEGROUP REQUEST**

30. On August 26, 2025, Plaintiff submitted a FOIA request to FHFA seeking the following records produced since March 1, 2025:

> All electronic communication, including emails, text messages, direct messages, Signal messages, Microsoft Teams chats, etc, between Bill Pulte and any employee, staffer, agent, lobbyist or representative of PulteGroup, the residential home construction company.

31. A true and correct copy of the FOIA request is included in Exhibit 4.

32. On August 28, 2025, FHFA acknowledged receipt of the FOIA request and assigned reference number 2025-FOIA-122 to the matter. Ex. 2.

33. On October 9, 2025, Plaintiff asked FHFA for an estimated date of completion as well as how many pages it located in response to the search for records. Ex. 4.

34. On October 9, 2025, FHFA stated that it was "experiencing a backlog in responding to FOIA requests" and was "currently conducting a search," estimating that is would provide a response "by early November." *Id*.

35. On November 10, 2025, FHFA stated that it was "currently reviewing documents that are potentially responsive to [the] request" and hoped to provide a response "shortly." *Id*.

36. On November 18, 2025, Plaintiff sent a follow-up message to FHFA seeking an estimated date of completion, asking whether the search for records was completed and how many pages of responsive records were located, and inquiring about the steps that FHFA plans to take within the next six months to process the request. *Id*.

37. FHFA did not send any further correspondence to Plaintiff regarding this request.

38. As of the date of this filing, FHFA has not issued a determination on Plaintiff's request.

39. As of the date of this filing, FHFA has failed to make any responsive records promptly available to Plaintiff.

## SEPTEMBER 8, 2025 FOIA REQUEST TO FHFA

40. On September 8, 2025, Plaintiff submitted a FOIA request to FHFA seeking the following records produced since March 1, 2025:

> Any and all written or electronic communication, including emails, text messages, Signal chats, Twitter/X direct messages, and other electronic messages, sent or received by Bill Pulte since September 1 and that contain one or more of the following key words or phrases: "ProPublica", "Associated Press", "AP", in reference to the Associated Press, "Zeldin", "Chavez", "Duffy", and/or "Dad".

41. A true and correct copy of the FOIA request is included in Exhibit 5.

42. On September 10, 2025, FHFA acknowledged receipt of the FOIA request, placed the request in the "complex/expedited" processing track, and assigned reference number 2025-FOIA-147 to the matter. *Id*.

43. On October 9, 2025, Plaintiff asked FHFA for an estimated date of completion as well as how many pages it located in response to the search for records. Ex. 2.

44. On October 9, 2025, FHFA stated that it was "experiencing a backlog in responding to FOIA requests" and the request was 100th in the processing queue. FHFA estimated that it would provide a response "sometime in November." *Id*.

45. On November 18, 2025, Plaintiff sent a follow-up message to FHFA seeking an estimated date of completion, asking whether the search for records was completed and how many pages of responsive records were located, and inquiring about the steps that FHFA plans to take within the next six months to process the request. *Id*.

46. FHFA did not send any further correspondence to Plaintiff regarding this request.

47. As of the date of this filing, FHFA has not issued a determination on Plaintiff's request.

48. As of the date of this filing, FHFA has failed to make any responsive records promptly available to Plaintiff.

## COUNT I – FHFA'S FOIA VIOLATION
### AUGUST 26, 2025 FOIA REQUEST TO FHFA—PULTE CAPITAL REQUEST

49. Paragraphs 1-48 are incorporated by reference.

50. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

51. Defendant FHFA is a federal agency subject to FOIA.

52. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

53. Defendant FHFA has failed to conduct a reasonable search for records responsive to the request.

54. Defendant FHFA has failed to issue a determination within the statutory deadline.

55. Defendant FHFA has failed to produce all non-exempt records responsive to the request.

## COUNT II – FHFA'S FOIA VIOLATION
## AUGUST 26, 2025 FOIA REQUEST TO FHFA—COOK REQUEST

56. Paragraphs 1-48 are incorporated by reference.

57. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

58. Defendant FHFA is a federal agency subject to FOIA.

59. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

60. Defendant FHFA has failed to conduct a reasonable search for records responsive to the request.

61. Defendant FHFA has failed to issue a determination within the statutory deadline.

62. Defendant FHFA has failed to produce all non-exempt records responsive to the request.

## COUNT III – FHFA'S FOIA VIOLATION
## AUGUST 26, 2025 FOIA REQUEST TO FHFA—PULTEGROUP REQUEST

63. Paragraphs 1-48 are incorporated by reference.

64. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

65. Defendant FHFA is a federal agency subject to FOIA.

66. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

67. Defendant FHFA has failed to conduct a reasonable search for records responsive to the request.

68. Defendant FHFA has failed to issue a determination within the statutory deadline.

69. Defendant FHFA has failed to produce all non-exempt records responsive to the request.

## COUNT IV – FHFA'S FOIA VIOLATION
## SEPTEMBER 8, 2025 FOIA REQUEST TO FHFA

70. Paragraphs 1-48 are incorporated by reference.

71. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

72. Defendant FHFA is a federal agency subject to FOIA.

73. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

74. Defendant FHFA has failed to conduct a reasonable search for records responsive to the request.

75. Defendant FHFA has failed to issue a determination within the statutory deadline.

76. Defendant FHFA has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

    i. declare that Defendant has violated FOIA;

    ii. order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

    iii. enjoin Defendant from withholding non-exempt public records under FOIA;

iv.      award Plaintiffs attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: January 12, 2026

                               RESPECTFULLY SUBMITTED,

                               */s/ Matthew V. Topic*

                               Attorneys for Plaintiff
                               JIMMY TOBIAS

                               Matthew Topic, D.C. Bar No. IL0037
                               Stephen Stich Match, D.C. Bar No. MA0044
                               Merrick Wayne, D.C. Bar No. IL0058
                               LOEVY & LOEVY
                               311 North Aberdeen, 3rd Floor
                               Chicago, IL 60607
                               312-243-5900
                               foia@loevy.com