UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JIMMY TOBIAS<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL HOUSING FINANCE AGENCY<br><br>　　　　　Defendant. | Civil Action No. 26-0077 (SLS) |

## **ANSWER**

Defendant, the Federal Housing Finance Agency ("FHFA" or "Defendant"), by and through undersigned counsel, hereby answers as follows to the separately numbered paragraphs and prayer for relief in the Complaint (ECF No. 1) filed by Plaintiff Jimmy Tobias ("Plaintiff") in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

1.　　　　Paragraph 1 of the Complaint consists of Plaintiff's characterization of this action to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## PARTIES[1]

2.      As to Paragraph 2 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.      As to Paragraph 3 of the Complaint, Defendant admits that FHFA is an agency of the federal government subject to FOIA. The remaining allegations in this paragraph assert conclusions of law to which no response is required.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint consists of legal conclusions regarding venue, to which no response is required.  To the extent that a response is deemed required, Defendant admits that this Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

5.      Paragraph 5 of the Complaint consists of legal conclusions regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

### AUGUST 26, 2025 FOIA REQUEST TO FHFA—PULTE CAPITAL REQUEST

6.      As to Paragraph 6 of the Complaint, Defendant FHFA admits that Plaintiff submitted a FOIA request to FHFA on August 26, 2025 ("Pulte Capital Request"). Defendant FHFA respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

7.      As to Paragraph 7 of the Complaint, Defendant FHFA admits that Exhibit 1 appears to contain an accurate version of the FOIA Request referenced in paragraph 6 ("Pulte Capital

---

[1]      For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

Request"). Defendant FHFA respectfully refers the Court to the Pulte Capital Request for a full and accurate statement of its contents.

8.    As to Paragraph 8 of the Complaint, Defendant FHFA admits that FHFA acknowledged receipt of the Pulte Capital Request on August 28, 2025 and assigned reference number 2025-FOIA-123 to the request.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    As to Paragraph 16 of the Complaint, Defendant FHFA admits that, as of the date the Complaint was filed on January 12, 2026, it had not sent any further correspondence to Plaintiff regarding the Pulte Capital Request.

17.    As to Paragraph 17 of the Complaint, Defendant FHFA admits that as of the date the Complaint was filed on January 12, 2026, it had not issued a determination to Plaintiff regarding the Pulte Capital Request, as the request had been assigned to FHFA's Complex Track for processing based on the magnitude of the documents requested.

18.    As to Paragraph 18 of the Complaint, Defendant FHFA admits that, as of the date the Complaint was filed on January 12, 2026, it had not made any records available to Plaintiff regarding the Pulte Capital Request. As set out at 12 C.F.R. 1202.7, the request is being processed in accordance with FHFA's regulation.

**AUGUST 26, 2025 FOIA REQUEST TO FHFA—COOK REQUEST**

19.   As to Paragraph 19 of the Complaint, Defendant FHFA admits that Plaintiff submitted a FOIA request to FHFA on August 26, 2025 ("Cook Request"). Defendant FHFA respectfully refers the Court to the Cook Request for a full and accurate statement of its contents.

20.   As to Paragraph 20 of the Complaint, Defendant FHFA admits that Exhibit 3 appears to contain an accurate version of the Cook Request.  Defendant FHFA respectfully refers the Court to the Cook Request for a full and accurate statement of its contents.

21.   As to Paragraph 21 of the Complaint, Defendant FHFA admits that FHFA acknowledged receipt of the Cook Request on August 28, 2025 and assigned reference number 2025-FOIA-121 to the request.

22.   As to Paragraph 22 of the Complaint, Defendant FHFA admits that FHFA stated on September 26, 2025 that Plaintiff's request was 94th in the processing queue.

23.   Admitted.

24.   Admitted.

25.   Admitted.

26.   Admitted.

27.   As to Paragraph 27 of the Complaint, Defendant FHFA admits that, as of the date the Complaint was filed on January 12, 2026, it had not sent any further correspondence to Plaintiff regarding the Cook Request.

28.   As to Paragraph 28 of the Complaint, Defendant FHFA admits that as of the date the Complaint was filed on January 12, 2026, it had not issued a determination to Plaintiff regarding the Cook Request, as the request had been assigned to FHFA's Complex Track for processing based on the magnitude of the documents requested.

29.  As to Paragraph 29 of the Complaint, Defendant FHFA admits that, as of the date the Complaint was filed on January 12, 2026, it had not made any records available to Plaintiff regarding the Cook Request.  As set out at 12 C.F.R. 1202.7, the request is being processed in accordance with FHFA's regulation.

**AUGUST 26, 2025 FOIA REQUEST TO FHFA—PULTEGROUP REQUEST**

30.  As to Paragraph 30 of the Complaint, Defendant FHFA admits that Plaintiff submitted a FOIA request to FHFA on August 26, 2025 ("Pulte Group Request"). Defendant FHFA respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

31.  As to Paragraph 31 of the Complaint, Defendant FHFA admits that Exhibit 4 appears to contain an accurate version of the PulteGroup Request.  Defendant FHFA respectfully refers the Court to the PulteGroup Request for a full and accurate statement of its contents.

32.  As to Paragraph 32 of the Complaint, Defendant FHFA admits that FHFA acknowledged receipt of the PulteGroup Request on August 28, 2025 and assigned reference number 2025-FOIA-122 to the request.

33.  Admitted.

34.  Admitted.

35.  Admitted.

36.  Admitted.

37.  As to Paragraph 37 of the Complaint, Defendant FHFA admits that, as of the date the Complaint was filed on January 12, 2026, it had not sent any further correspondence to Plaintiff regarding the PulteGroup Request.

38.  As to Paragraph 38 of the Complaint, Defendant FHFA admits that as of the date the Complaint was filed on January 12, 2026, it had not issued a determination to Plaintiff regarding

the PulteGroup Request, as the request had been assigned to FHFA's Complex Track for processing based on the magnitude of the documents requested.

39.  As to Paragraph 39 of the Complaint, Defendant FHFA admits that, as of the date the Complaint was filed on January 12, 2026, it had not made any records available to Plaintiff regarding the PulteGroup Request.  As set out at 12 C.F.R. 1202.7, the request is being processed in accordance with FHFA's regulation.

## SEPTEMBER 8, 2025 FOIA REQUEST TO FHFA

40.  As to Paragraph 40 of the Complaint, Defendant FHFA admits that Plaintiff submitted a FOIA request to FHFA on September 8, 2025 ("September 8, 2025 Request"). Defendant FHFA respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

41.  As to Paragraph 41 of the Complaint, Defendant FHFA admits that Exhibit 5 appears to contain a true and correct version of the September 8, 2025 Request.  Defendant FHFA respectfully refers the Court to the September 8, 2025 Request for a full and accurate statement of its contents.

42.  As to Paragraph 42 of the Complaint, Defendant FHFA admits that FHFA acknowledged receipt of the September 8, 2025 Request on September 10, 2025 and assigned reference number 2025-FOIA-147 to the request.

43.  As to Paragraph 43 of the Complaint, Defendant FHFA admits that on October 9, 2025 Plaintiff asked for an estimated date of completion as well as how many pages it located in response to the search for records.

44.  As to Paragraph 44 of the Complaint, Defendant FHFA admits that on October 9, 2025 FHFA stated that it was "experiencing a backlog in responding to FOIA requests," that the

September 8 2025 request was 100th in the processing queue, and that FHFA estimated that it would provide a response "sometime in November."

45.   As to Paragraph 45 of the Complaint, Defendant FHFA admits that on November 18, 2025, Plaintiff sent a follow-up message to FHFA that sought an estimated date of completion, asked whether the search for records was completed and how many pages of responsive records were located, and inquired about the steps that FHFA plans to take within the next six months to process the request.

46.   As to Paragraph 46 of the Complaint, Defendant FHFA admits that, as of the date the Complaint was filed on January 12, 2026, it had not sent any further correspondence to Plaintiff regarding the September 8, 2025 Request.

47.   As to Paragraph 47 of the Complaint, Defendant FHFA admits that as of the date the Complaint was filed on January 12, 2026, it had not issued a determination to Plaintiff regarding the September 8, 2025 Request.

48.   As to Paragraph 48 of the Complaint, Defendant FHFA admits that, as of the date the Complaint was filed on January 12, 2026, it had not made any records available to Plaintiff regarding the September 8, 2025 Request.  As set out at 12 C.F.R. 1202.7, the request is being processed in accordance with FHFA's regulation.

**COUNT I – FHFA'S FOIA VIOLATION**
**AUGUST 26, 2025 FOIA REQUEST TO FHFA—PULTE CAPITAL REQUEST**

49.   Defendant incorporates by reference the above paragraphs as though set forth fully herein.

50.   As to Paragraph 50 of the Complaint, Defendant FHFA admits that the Pulte Capital Request seeks the disclosure of agency records and was properly transmitted to FHFA.

51.   Admitted.

52. Paragraph 52 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

53. Paragraph 53 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

54. Paragraph 54 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

55. Paragraph 55 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

## COUNT II – FHFA'S FOIA VIOLATION
### AUGUST 26, 2025 FOIA REQUEST TO FHFA—COOK REQUEST

56. Defendant incorporates by reference the above paragraphs as though set forth fully herein.

57. As to Paragraph 57 of the Complaint, Defendant FHFA admits that the Cook Request seeks the disclosure of agency records and was properly transmitted to FHFA.

58. Admitted.

59. Paragraph 59 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

60. Paragraph 60 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

61. Paragraph 61 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

62. Paragraph 62 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

## COUNT III – FHFA'S FOIA VIOLATION
## AUGUST 26, 2025 FOIA REQUEST TO FHFA—PULTEGROUP REQUEST

63.    Defendant incorporates by reference the above paragraphs as though set forth fully herein.

64.    As to Paragraph 64 of the Complaint, Defendant FHFA admits that the PulteGroup Request seeks the disclosure of agency records and was properly transmitted to FHFA.

65.    Admitted.

66.    Paragraph 66 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

67.    Paragraph 67 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

68.    Paragraph 68 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

69.    Paragraph 69 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

## COUNT IV – FHFA'S FOIA VIOLATION
## SEPTEMBER 8, 2025 FOIA REQUEST TO FHFA

70.    Defendant incorporates by reference the above paragraphs as though set forth fully herein.

71.    As to Paragraph 71 of the Complaint, Defendant FHFA admits that the September 8, 2025 Request seeks the disclosure of agency records and was properly transmitted to FHFA.

72.    Admitted.

73.    Paragraph 73 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

74. Paragraph 74 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

75. Paragraph 75 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

76. Paragraph 76 sets forth conclusions of law to which no response is required. To the extent a response is deemed required, Defendant FHFA denies the allegations of this paragraph.

## REQUESTED RELIEF

This paragraph consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

1. Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a.

2. The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA. *See* 5 U.S.C. § 552.

3.      Defendant has exercised due diligence in responding to Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

4.      Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

5.      Defendant has not improperly withheld records requested by Plaintiff under FOIA.

6.      Plaintiff's requests fail to comply with the requirements of FOIA to the extent they fail to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

Dated: February 12, 2026                                       Respectfully submitted,

                                                                              JEANINE FERRIS PIRRO
                                                                              United States Attorney

                                                                     By:    */s/ Fithawi Berhane*
                                                                              FITHAWI BERHANE
                                                                              Assistant United States Attorney
                                                                              Civil Division
                                                                              601 D Street, N.W.
                                                                              Washington, D.C. 20530
                                                                              (202) 252-6653

                                                                              *Attorneys for the United States of America*