UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY TOBIAS<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL HOUSING FINANCE AGENCY<br><br>    Defendant. | Civil Action No. 26-0077 (SLS) |

**STATUS REPORT**

In its Order of February 17, 2026, the Court required the parties meet and confer and to jointly inform the Court of "(1) the status of the Plaintiff's FOIA request; (2) the anticipated number of documents responsive to the Plaintiff's FOIA request; (3) the anticipated date(s) for the release of the documents requested by the Plaintiff; (4) whether a motion for a stay is likely under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976); (5) whether a Vaughn index will be required in this case; (6) whether and when either party anticipates filing a dispositive motion; and (7) any other pertinent issues" no later than March 19, 2026.  The parties held a meet and confer via Microsoft Teams videoconferencing on March 19, 2026.

At this time, the parties report the following in response to the Court's seven-part order referenced above: (1) of Plaintiff's four FOIA requests, Defendant reports that it has provided a final response for one (2025-FOIA-123), while the remaining three (2025-FOIA-121, 2025-FOIA-122, and 2025-FOIA-147) are still undergoing processing. (2) Cumulatively, the anticipated number of documents responsive to the three outstanding FOIA requests are 1,771 documents with an estimated page count of over 24,000 pages. (3) Defendant anticipates that two of the outstanding

1

FOIA requests (2025-FOIA-122 and 2025-FOIA-147) will be completely processed by May 31, 2026, while the remaining FOIA request (2025-FOIA-121) will be completely processed by September 30, 2026. (4) The parties do not currently anticipate that a motion for a stay pursuant to *Open America v. Watergate Special Prosecution Force* 547 F.2d 605 (D.C. Cir. 1976) is likely in this case; (5) Defendant reports that its position is that it is premature at this stage to say whether a *Vaughn* index will be needed and objects to Plaintiff's request for a draft Vaughn index for each rolling production because such a requirement would be unnecessary, unduly onerous on Defendant, and would inevitably have the impact of slowing down the processing rate for the FOIA requests at issue.  Plaintiff reports that it is his position that if the Court requires that the parties to confer after each rolling production and that Plaintiff is to identify issues with those productions in further status reports, then he will need a draft *Vaughn* index with each release to efficiently confer with Defendant. (6) The parties believe that it is premature at this stage to say whether dispositive motions will be filed, for this case; and (7) Plaintiff reports that he asked Defendant to prioritize FOIA request 2025-FOIA-121 moving forward, and Defendant reports that it will try its best to accommodate Plaintiff's request.

Accordingly, Defendant proposes that the parties file a Joint Status Report on or before May 29, 2026, in order to update the Court on the status of this case.

Dated: March 19, 2026                                  Respectfully submitted,

2

/s/ Merrick Wayne
Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
Stephen Stich Match, D.C. Bar No.
MA0044
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

*Counsel for Plaintiffs*

JEANINE FERRIS PIRRO
United States Attorney


By:  /s/ Fithawi Berhane
FITHAWI BERHANE
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-6653
fithawi.berhane@usdoj.gov

*Attorneys for the United States of America*